IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clifton Donell Lyles, ) | Case No. 4:24-cv-03911-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Chief Justice Donald W. Beatty; F. ) | |
| Craig Wilkerson, Jr., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), and he brings this action pro se pursuant to 42 U.S.C. § 1983. [Doc. 1.] He alleges his private attorney, Defendant F. Craig Wilkerson, Jr., violated his constitutional rights. [Docs. 1; 1-1.] He also claims that the Chief Justice of the Supreme Court of South Carolina, Defendant Chief Justice Donald W. Beatty, violated his constitutional rights by issuing a decision denying certiorari review of a decision of the South Carolina Court of Appeals dismissing after an *Anders* review[*] Plaintiff's direct appeal of his criminal conviction and sentence and announcing that the court would no longer grant petitions for certiorari when the court of appeals had dismissed after

---

[*] "*Anders* review" refers to review of a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), which effectively concedes the appeal lacks a meritorious claim.

conducting an *Anders* review. [Docs. 1; 1-1]; see *State v. Lyles*, 673 S.E.2d 811 (S.C. 2009).

On July 24, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed for failure to state a claim. [Doc. 9.] As to Wilkerson, the Magistrate Judge concluded that "[a]n attorney, whether retained, court appointed, or a public defender[,] does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983." [*Id.* at 3.] As to Chief Justice Beatty, the Magistrate Judge concluded that he was entitled to "absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility." [*Id.*] The Magistrate Judge also advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 5.]

On August 5, 2024, the Clerk docketed objections from Plaintiff. [Doc. 11.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In his objections, Plaintiff does not address the Magistrate Judge's conclusion that the Complaint fails to state a claim against Wilkerson. [Doc. 11.] However, Plaintiff argues that the Magistrate Judge erred in concluding that Chief Justice Beatty is entitled to judicial immunity. [*Id.*] Plaintiff argues that he is not seeking money damages but is seeking only prospective relief, namely an order requiring that the state supreme court's order be rescinded "and that either the South Carolina Supreme Court rule on the merits of his claims that were properly before it on direct appeal, or that he be allowed to file a new post-conviction relief application." [*Id.* at 1–2.] He also contends that Chief Justice Beatty's "act of implementing a new policy rule and element to the *Anders* procedure was not an adjudicative function that would qualify it for absolute immunity," but rather, that his actions were "administrative and therefore unqualified for judicial immunity." [*Id.* at 2 (citing *Forrester v. White*, 484 U.S. 219, 228 (1988) ("Administrative decisions, even though they may be essential to the very functioning of the courts, have not . . . been regarded as judicial acts."))].

Judges are immune from civil suit for actions taken in their judicial capacity unless the actions are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). In determining whether a particular act is judicial, a court considers whether the act "is a function normally performed by a judge, [as well as] the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362(1978).

3

Here, Plaintiff does not assert that the state supreme court lacked jurisdiction. He contends only that the challenged actions were not judicial. The Court disagrees with Plaintiff. Plaintiff dealt with the state supreme court in its judicial capacity insofar as he sought particular relief from the state supreme court in his petition for writ of certiorari. The court, in turn, served a judicial function when it applied the applicable judicial precedents and court rule in determining that Plaintiff was not entitled to the relief he sought, and the court issued an opinion explaining its decision. *See Lyles*, 673 S.E.2d at 812–13; *see also Bryant v. South Carolina*, No. 4:23-2601-JD-KDW, 2023 WL 7287373, at *3 (D.S.C. July 11, 2023) (holding that because the defendant judge's actions were decisions made in the plaintiff's criminal case, the judge was entitled to absolute immunity), *Report and Recommendation adopted by* 2023 WL 6475412 (D.S.C. Oct. 5, 2023).

The Court notes that in the state supreme court's decision denying the relief Plaintiff sought, the court also announced that it would "no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review." *Id.* That statement, although it concerned petitions other than the one then before the court, merely highlighted the effect of the broad principle that the court had adopted to decide the case before it. *See Lyles*, 673 S.E.2d at 812–13 (concluding that "a decision of the Court of Appeals dismissing an appeal after conducting a review pursuant to *Anders* is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel to file a merits brief" and reasoning that "[a] decision of this nature does not meet the 'special and important' standard established by Rule 226(b) [of the South

Carolina Appellate Court Rules] and [the state supreme court's] decisions concerning petitions for writs of certiorari to the Court of Appeals"). That the court made that point in its decision did not change the court's action from adjudicative to administrative. *See Guynup v. Cullen*, No. 5:21-cv-00079, 2022 WL 3359367, at *4 (W.D. Va. Aug. 15, 2022) ("The formulation and entry of judicial opinions resides comfortably within [the defendant judge's] judicial capacity.").

Therefore, for the reasons explained, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

January 31, 2025
Florence, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.